U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 3 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NORMAN FRANCIS DOZIER, Petitioner | CIVIL ACTION NO. 1:16-CV-771; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Norman Francis Dozier (#387320) on June 2, 2016. (Doc. 1). Petitioner's motion for leave to proceed *in forma pauperis* was denied, and his filing fee was received on July 19, 2016. (Doc. 8). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his 1997 second degree murder conviction imposed in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual and Procedural History

In 1996, Petitioner was indicted for first degree murder. Following a jury trial, Petitioner was convicted of the lesser included offense of second degree murder. On

August 12, 1997, Petitioner was sentenced to life imprisonment. State v. Dozier, 97-1564 (La. App. 3 Cir. 5/20/98), 713 So. 2d 729, 730-31, writ denied, 98-1694 (La. 11/25/98), 729 So. 2d 573.

According to the appellate court opinion:

In the late hours of January 9, 1996 and/or early hours of January 10, 1996, the defendant and his three co-defendants, Winfred Davenport, Jr., Vickie Coco, and Clinton Ray Brackens, went to the home of the victim, 82–year–old Clarence Robin. Vickie Coco knew the victim and had visited his home on prior occasions. On these occasions, Coco allegedly would go to the victim's home with another female. While the other woman allowed the victim to fondle her, Ms. Coco would enter the bedroom and steal money. Ms. Coco admitted during her testimony that she had been a crack cocaine addict and had supported her habit through prostitution and theft.

During the early afternoon of January 9, 1996, Ms. Coco went to the victim's home with Betty Desselles. While Ms. Desselles kept the victim occupied, Ms. Coco went to the bedroom and took $900.00 from his shirt pocket. Ms. Coco and Ms. Desselles shared the money. Later that day, Ms. Coco used her portion of the money to purchase crack cocaine from the defendant at the home of Clinton Ray Brackens; Coco purchased cocaine from the defendant several times during the day. When the defendant and Mr. Brackens learned that Ms. Coco had stolen the money she was using from Mr. Robin, they decided to take Ms. Coco back to the victim's home in order for her to steal more money. The defendant and Brackens allegedly plotted to "knock him [the victim] out" during the course of the robbery; however, neither of the men wanted to actually do it. According to Ms. Coco's testimony, the defendant stated he knew a man who would knock the victim out. Thereafter, the three drove to Pineville and picked up Winfred Davenport, Jr., who was advised of the plan and allegedly agreed to "knock out" the victim. The foursome then proceeded to the victim's house in Hessmer, Louisiana.

When they reached the victim's house, Ms. Coco got out of the vehicle. She testified that she saw co-defendant, Davenport, obtain a tire tool from the vehicle. Ms. Coco then walked to the victim's bedroom window and knocked on it. Soon thereafter, Mr. Robin opened the door and allowed Ms. Coco to enter the house. Mr. Robin allegedly told Ms. Coco to go upstairs and that he would join her shortly. Ms. Coco went to the

> bedroom to look for more money but found none. Thereafter, Ms. Coco heard Mr. Robin shout "oh no, oh no." She ran through the hallway and saw the defendant and Mr. Davenport standing in the bathroom, but she did not see the victim, Mr. Robin. She then ran out of the house. Thereafter, the four co-defendants left Mr. Robin's house and returned to Mr. Brackens' house.
>
> On January 10, 1996, Mr. Robin was found dead in his bathroom. He had been struck over the head with an object and died from the injuries.

Id.

Petitioner appealed the conviction on the grounds that the trial court erred: (1) by denying his motion for a mistrial based on the state's untimely production of the coroner's report; (2) by ruling that the coroner's report was inadmissible at trial; (3) by denying his motion to view the crime scene; (4) by denying his motion to quash the indictment; (5) by denying his motion to recuse the district attorney from the hearing on the motion to quash; (6) by denying the motion for a mistrial made during the state's closing argument; and, (7) by denying his motion for a mistrial based on references to other crimes evidence by the state's witness, Vickie Coco. Id. at 731, 733, 735, 739. On May 20, 1998, the appellate court affirmed the conviction. Id.

On an unspecified date, Petitioner filed a writ application in the Louisiana Supreme Court, which was denied on November 25, 1998. State v. Dozier, 98-1694 (La. 11/25/98), 729 So. 2d 573.

On March 29, 2000, Petitioner filed an application for post-conviction relief. (Doc. 1, p. 32). He raised claims of prosecutorial misconduct, insufficient indictment, and ineffective assistance of counsel in failing to subpoena the coroner as a witness

at trial. (Doc. 1, p. 36-47). All claims were dismissed except the ineffective assistance claim. (Doc. 1, p. 50-131).

On December 9, 2003, the trial court conducted an evidentiary hearing on the ineffective assistance claim. (Doc. 1, p. 50-131). At the hearing, trial counsel testified that he made a critical mistake in failing to call the coroner to testify and failing to introduce the death certificate at trial. (Doc. 1, p. 83). Nonetheless, the court found that counsel had worked diligently on the case, filing 47 motions on behalf of Petitioner, making 26 court appearances, filing 2 writs during trial, and prosecuting the appeal. (Doc. 1, p. 136). The court could not find that trial counsel's error was so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. (Doc. 1, p. 136). Trial counsel simply made a tactical decision that he later regretted. Moreover, after hearing the coroner testify at the post-conviction hearing, the court was satisfied that, even had the coroner testified at trial, it would not have been of benefit to Petitioner. On May 3, 2004, the trial court denied the application for post-conviction relief. (Doc. 1, p. 133-138).

Petitioner sought writs in the Third Circuit Court of Appeal, which were denied. On June 17, 2005, the Louisiana Supreme Court denied writs. <u>State v. Dozier</u>, 2005-0471 (La. 6/17/05), 904 So. 2d 682.

## Law & Analysis

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of

limitations for filing applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Petitioner admits that his § 2254 petition is untimely under the AEDPA. However, citing McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), Petitioner argues that he is entitled to proceed with his § 2254 petitioner because he is actually innocent.

McQuiggin allows a habeas corpus petitioner, whose petition is untimely under AEDPA's statute of limitations, to overcome the time bar by making a convincing showing that the petitioner committed no crime. Id. The petitioner must show actual innocence by *producing new evidence* sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner cannot meet the McQuiggin standard because he has presented no new evidence. Petitioner claims that the death certificate of the victim satisfies the new evidence requirement. However, the death certificate is not new evidence. According to the Louisiana Third Circuit Court of Appeal, on the eighth day of jury selection, the state provided Petitioner with a copy of a one-page coroner's report prepared and signed by Dr. L.J. Mayeaux. On the following day, the state presented the defense with the one-page death certificate signed by Dr. Mayeaux. See State v.

5

Dozier, 713 So. 2d at 731.[1] Because the state produced the death certificate to Petitioner at trial in 1997, it is not new evidence that can satisfy the standard announced in McQuiggin.

Moreover, "actual innocence" is not a valid ground for habeas corpus relief. Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual-innocence is not an independently cognizable federal-habeas claim."); Dowthitt v. Johnson, 230 F.3d 733, 741–42 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001); see also Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993) (citing Townsend v. Sain, 372 U.S. 293, 317 (1963)). Thus, even if Petitioner could overcome

---

[1] Issues involving the death certificate were also raised on appeal and post-conviction relief. On appeal, Petitioner asserted that the documents signed by the coroner constituted exculpatory evidence that should have been provided to him within a reasonable time prior to trial. Petitioner further contended that the untimely disclosure of the coroner's report and death certificate prejudiced him, as he was unable to effectively prepare his defense. The appellate court found that Petitioner was not prejudiced by the late disclosures because he could have still introduced the death certificate to impeach Ms. Coco. State v. Dozier, 97-1564 (La. App. 3 Cir. 5/20/98), 713 So. 2d 729, 730-31.

Petitioner also raised the issue of the death certificate in his application for post-conviction relief. Petitioner claimed that trial counsel was ineffective for failing to introduce the death certificate or the coroner's testimony. Following a post-conviction hearing at which the coroner testified, the trial court found that the ineffective assistance claim was without merit. (Doc. 1, p. 133-138).

the AEDPA time-bar through McQuiggin, his petition would still be dismissed for failing to state a cognizable federal habeas claim.

## Conclusion

Because actual innocence is not a free-standing ground for habeas relief, and because Petitioner has identified no new evidence to support a claim under McQuiggin, **IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED** with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit judge or district judge issues a certificate of appealability, an appeal may not be taken to a court of appeal. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 3rd day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge